**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHERI CLONINGER,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>FRANK BISIGNANO, Commissioner of Social Security,<br><br>Defendant - Appellee. | No. 25-103<br><br>D.C. No. 3:23-cv-06062-TLF<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Theresa L. Fricke, Magistrate Judge, Presiding

Argued and Submitted March 12, 2026
Portland, Oregon

Before: COLLINS and LEE, Circuit Judges, and FITZWATER,** District Judge.

Cheri Cloninger ("Cloninger") appeals the district court's judgment upholding the denial of her application for disability insurance benefits under Title II of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

1. "We review the district court's order affirming the [administrative law judge's ("ALJ's")] denial of social security benefits de novo and will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Kitchen v. Kijakazi*, 82 F.4th 732, 738 (9th Cir. 2023) (citation omitted). Although "[w]e consider the district court's decision, [] the statutory scheme mandates a full review of the facts by our court and an independent determination as to whether the [ALJ's] findings are supported by substantial evidence." *Stone v. Heckler*, 761 F.2d 530, 532 (9th Cir. 1985). Accordingly, we consider whether substantial evidence supports the ALJ's decision based on the reasons he asserted. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("[W]e can affirm the agency's decision to deny benefits only on the grounds invoked by the agency.").

2. The ALJ concluded that Cloninger's medically determinable impairments could reasonably be expected to cause her alleged symptoms. The ALJ also found that Cloninger's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. Where, as here, there is no evidence of malingering and the ALJ determined that objective medical evidence established an impairment that could produce the symptoms of which the claimant complained, the ALJ must offer clear

and convincing reasons for rejecting the claimant's testimony about the severity of her symptoms. *See Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021).

3. The ALJ did not improperly discount the severity of Cloninger's limited ability to walk, sit, lift, and carry items due to her back condition. The ALJ identified an X-ray of Cloninger's spine that was unremarkable, and examinations showing no joint pain or swelling, normal muscle tone, and 5/5 muscle strength in her lower extremities. Moreover, the ALJ observed that Cloninger underwent surgery for her back in July 2018. In September 2018 she reported that she had recovered from her surgery and had no restrictions or precautions. And beginning around the middle of 2019, Cloninger reported that she had no back pain. These reasons are sufficiently clear and convincing. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."); *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability.").

4. The ALJ did not improperly discount Cloninger's symptom testimony about her memory, ability to concentrate, and problems interacting with others. Accounting for her complaints, the ALJ limited Cloninger to simple instructions and tasks and occasional contact with others. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217,

1224-25 (9th Cir. 2010) (affirming ALJ's decision to discount severity of claimant's mental complaints where ALJ did not wholly reject claimant's allegations). Substantial evidence supports the ALJ's clear and convincing reasons for concluding that further limitations were not warranted. The ALJ cited medical evidence from across several years that was inconsistent with more severe limitations. The ALJ also considered Cloninger's ability to work on her master's degree and conduct research. These are proper grounds for discounting Cloninger's testimony. *See Smartt v. Kijakazi*, 53 F.4th 489, 496-97 (9th Cir. 2022) (concluding that ALJ properly discounted severity of claimant's impairments based, *inter alia*, on inconsistencies between her testimony and her medical evidence and daily activities).

Cloninger's contention that the ALJ cherry-picked evidence is unavailing. To support this assertion, Cloninger identified medical evidence that she contends demonstrates the severity of her mental symptoms. But "[w]hen the evidence can rationally be interpreted in more than one way, the court must uphold the [ALJ's] decision." *Ahearn*, 988 F.3d at 1115-16 (second alteration in original); *see also Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, . . . the ALJ's conclusion . . . must be upheld.").

**AFFIRMED**.